32 C.C.P.A. (Patents)

## YATES v. GATES.

### Patent Appeal No. 4939.

Court of Customs and Patent Appeals.

Dec. 11, 1944.

E. V. Hardway, of Houston, Tex., for appellant.

Fred H. Miller, of Los Angeles, Cal., for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Interference Examiners of the United States Patent Office awarding priority of invention of the subject matter defined by the counts in issue (Nos. 1 to 8, inclusive) to appellee, Paul G. Gates.

Counts 1 and 8 are sufficiently illustrative of the involved counts. They read:

"1. A sand pump comprising a barrel adapted to be lowered into a well to take a charge therefrom, and to remove the charge from the well, said barrel having a charge-taking inlet adjacent the lower end thereof, a charge-retaining valve above said inlet, a piston operating downwardly and upwardly in said barrel and forming a seal with the inner wall thereof during its upward movement to draw by suction a charge into the barrel through said inlet past said charge-retaining valve, and means for positively closing off the upper end of said barrel at the termination of said upward stroke of the piston to retain the charge in the barrel at high well pressure.

"8. A pump type bailer comprising means providing an entrapping chamber having an entrapping valve, means reciprocable relative to the entrapping chamber to induce inflow into the entrapping chamber past the entrapping valve and outflow from the chamber thereabove so as to thereby load the entrapping chamber, there being provision made for entrapping in the entrapping chamber a sufficient portion of the pressure existing at the depth to which the bailer may be lowered so as to enable its being utilized to assist in unloading the bailer when the bailer is recovered."

The interference is between appellant's application, No. 187,974, filed January 31, 1938, and appellee's patent, No. 2,166,488, issued July 18, 1939, on an application filed September 1, 1936.

▇ Appellant is the junior party and the burden was upon him to establish priority of invention by a preponderance of the evidence.

The claims constituting the counts in issue originated in appellee's patent and were

copied by appellant for interference purposes.

During the ex parte prosecution of appellant's application, the Primary Examiner held that an amendment proposed by appellant contained new matter and that he could not make the claims constituting the counts in issue.

On appeal, the Board of Appeals reversed the decision of the Primary Examiner, stating that the amendment proposed by appellant did not contain new matter; that it would be obvious to one skilled in the art to modify appellant's device so that it would conform to the involved counts; and that appellant was entitled to modify his application so that his device would conform to the counts in issue.

The amendment requested by appellant having been entered, the involved interference was declared.

The invention, as stated in the counts, relates to a pump type bailer particularly designed for use in deep wells, such as oil wells, for bailing out sand and other foreign matter.

In view of the issues here involved, we think the device is sufficiently described in the quoted counts.

During the motion period, appellee Gates moved to dissolve the interference on the ground that appellant Yates could not make the claims constituting the counts in issue.

The Board of Interference Examiners fully considered that issue, and held that the amendment to appellant's application did not contain new matter and that he could make the claims constituting the involved counts.

We have examined the record with regard to appellant's original application and the amendment thereto, and are unable to say that the Board of Interference Examiners erred in holding that such amendment does not contain new matter and that appellant has a right to make the claims constituting the counts in issue.

The next question for our consideration is whether appellant has established priority of the invention by a preponderance of the evidence.

In his preliminary statement, appellant stated that he conceived the invention sometime in 1935; that he disclosed it to others in January 1936; that on or about May 15, 1936, he made his first written description of the invention; that he reduced the invention to practice on or about June 15, 1936; that he again reduced it to practice in a water well near Vivian, Louisiana, about July 15, 1936; and that he began exercising reasonable diligence in reducing the invention to practice on or about December 15, 1935.

Appellant testified substantially as to those details, and called as corroborating witnesses G. B. Gaines, M. C. Forsong, B. F. Edington, Frank Cavanaugh, Hoefert Clay Lessenger, and J. H. Plunkett. Appellant also testified that he had constructed a device embodying the invention defined by the counts in issue.

The witness J. H. Plunkett testified that he operated a device conforming to the counts in issue at Smackover, Arkansas, in the spring and summer of 1936, prior to appellee's filing date (September 1, 1936), and that he used a similar device sometime thereafter. The difficulty with his testimony is that he attempted to establish the time when he operated such a device by a statement claimed to have been made by one Virgil Q. Turner, who, the witness claimed, stated that he purchased a house in Eldorado, Arkansas (apparently a short distance from Smackover), on August 24, 1936, and moved into it on the same day.

Mr. Turner did not testify, and no explanation was offered as to why he did not do so. It appears that he was living in Eldorado at the time of the taking of the testimony of the witness Plunkett, who stated that Mr. Turner called him on the telephone and told him that he moved into his home at Eldorado on August 24, 1936.

We are frank to admit that had Mr. Turner testified to the facts alleged by the witness Plunkett, there would be some evidence that the witness operated a device conforming to the counts in issue on or about July or August 1936. In view of the fact, however, that he did not testify and that the witness Plunkett testified in March 1942 as to what occurred in 1936, we are not disposed to give his testimony the weight to which it might otherwise be entitled.

The witness Plunkett's testimony that a device conforming to the counts in issue was constructed and successfully operated prior to September 1, 1936 (appellee's filing date), was not corroborated by any other of appellant's witnesses.

The witness G. B. Gaines, who testified that he constructed appellant's device, re-

fused to testify under oath that he constructed it prior to September 1, 1936.

Appellant's other witnesses who testified regarding his structure did not testify that they had seen the device prior to appellee's filing date or that they were familiar with it prior to that time.

█ The Board of Interference Examiners considered the evidence of record, outlined the testimony of the several witnesses called by appellant, and held that appellant had failed to establish conception of the invention defined by the counts in issue prior to appellee's filing date—September 1, 1936.

We are in accord with the holding of the board. The evidence of record is wholly insufficient to establish that appellant conceived the invention and constructed a device conforming to the counts in issue, or that he was diligent, prior to the filing of appellee's application (September 1, 1936).

It may be observed that appellee did not rest his case upon the filing date of his application which matured into patent No. 2,157,871, but, on the contrary, introduced evidence for the purpose of establishing that he conceived the invention and reduced it to practice long prior to his filing date.

█ The Board of Interference Examiners did not consider the evidence introduced by appellee because it was of opinion that appellant had failed to establish conception and reduction to practice prior to appellee's filing date.

Ordinarily it would seem to be advisable for the Board of Interference Examiners to consider all of the evidence introduced by contending parties. However, we think that in the instant case it was justified in holding as it did, that is, that as appellant had failed to establish conception and reduction to practice prior to appellee's filing date, it was unnecessary to consider the evidence introduced by appellee.

There is no corroborative evidence of record to establish that appellant had a conception of the invention prior to appellee's filing date. Accordingly, it is unnecessary for us to extend this opinion by a discussion of other evidence of record.

For the reasons stated, the decision of the Board of Interference Examiners is affirmed.

Affirmed.